**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1)FORT GIBSON STATE BANK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | Civil Action No.  19-CV-144-SPS |
| (1)TRAVELERS CASUALTY AND | § | |
| SURETY COMPANY OF AMERICA, and | § | |
| (2)SUSAN CHAPMAN, | § | |
| | § | |
| Defendants. | § | |

## NOTICE OF REMOVAL

Travelers Casualty and Surety Company of America ("Travelers") hereby removes this lawsuit from the District Court of Muskogee County, Oklahoma, to the United States District Court for the Eastern District of Oklahoma, and would respectfully show the Court as follows:

### I.
### PARTIES

1.     In Plaintiff's Petition, Plaintiff alleges that its principal place of business is in Muskogee County, Oklahoma.  Thus, for purposes of diversity jurisdiction, Plaintiff is a citizen of the State of Oklahoma, and not the State of Connecticut.

2.     Travelers is a Connecticut corporation and, as correctly alleged in the Petition, has its principal place of business in Connecticut.  Thus, for purposes of diversity jurisdiction, Travelers is a citizen of the State of Connecticut, and not the State of Oklahoma.

3.     Plaintiff's Petition also named Susan Chapman as a Defendant in this case and the Petition alleges that she is a citizen of the State of Oklahoma.

## II.
## PROCEDURAL BACKGROUND

4.      Plaintiff filed its lawsuit against Travelers and Chapman on April 15, 2019. Plaintiff alleged breach-of-contract and bad-faith claims against Travelers.  Plaintiff alleged fraud and breach-of-fiduciary-duty claims against Chapman.

5.      On April 18, 2019, Travelers was served for the first time with a summons and Plaintiff's Petition.  A true and correct copy of Plaintiff's Petition is included with **Exhibit 1** hereto and incorporated herein by reference.

## III.
## NATURE OF ACTION

6.      Plaintiff filed this action against Travelers and Chapman in state court.

7.      As to Travelers, Plaintiff alleged that Travelers wrongfully delayed payment of Plaintiff's claim under a Financial Institution Bond (the "Bond") issued by Travelers to Plaintiff. Plaintiff's Petition asserts claims for breach of contract and bad faith against Travelers.  Plaintiff seeks actual and punitive damages and attorney's fees.

8.      Plaintiff alleged that Chapman breached her fiduciary duties owed to Plaintiff as well as committed common-law fraud.

## IV.
## BASIS FOR REMOVAL

9.      Plaintiff's state-court action is removable to this Court under 28 U.S.C. § 1441(a) because this Court has original jurisdiction under (1) 28 U.S.C. § 1352 and (2) 28 U.S.C. § 1332.

**A.      Removal Is Proper Under 28 U.S.C. § 1441(a) and 28 U.S.C. § 1352**

10.      Removal of this action is proper under 28 U.S.C. § 1441(a) and 28 U.S.C. § 1352, because this action involves a bond required by a federal statute. Section 1352 provides that federal courts shall have "original jurisdiction, concurrent with State Courts, of any action on a

bond executed under any law of the United States . . . ."  This section was enacted "to give federal courts jurisdiction of bond actions where, absent the necessary diversity and amount in controversy, it otherwise did not exist."  *Koppers Co. v. Cont'l Cas. Co.*, 337 F.2d 499, 506 (8th Cir. 1964).

11.     Here, the Bond was executed under a law of the United States—12 U.S.C. § 1828(e)—thereby conferring original jurisdiction of this matter on the Court.  12 U.S.C. § 1828(e) provides:

> The [FDIC] may require any insured depository institution to provide protection and indemnity against burglary, defalcation, and other similar insurable losses. Whenever any insured depository institution refuses to comply with any such requirement the [FDIC] may contract for such protection and indemnity and add the cost thereof to the assessment otherwise payable by such [insured depository institution].

12 U.S.C. § 1828(e).

12.     The FDIC has exercised its power under 12 U.S.C. § 1828(e) to mandate that insured banks obtain financial institution bonds, like the Bond at issue here.  Indeed, the FDIC's Risk Management Manual evidences that the FDIC requires state banks, like Plaintiff, to acquire financial institution bonds as a condition to obtaining FDIC insurance. FDIC Risk Management Manual of Examination Policies §4.4-1, *available at* https://www.fdic.gov/regulations/safety/manual/section4-4.pdf.  Additionally, the FDIC's Statement of Policy on Applications for Depository Insurance, as reported in the Federal Register, evidences that the FDIC requires all insured depository institutions to maintain sufficient fidelity bond coverage.  Notices, FDIC, Applications for Deposit Insurance, 63 Fed. Reg. 44752, 44759 (Aug. 20, 1998), *available at* http://www.fdic.gov/regulations/laws/rules/5000-3000.html#fdic5000applicationsfd.

13.     Plaintiff has been insured by the FDIC since May 21, 1973.  *See* FDIC: Bank Find,  https://research.fdic.gov/bankfind/.  Accordingly, it has been subject to 12 U.S.C. § 1828(e)'s requirement since May 21, 1973.

14.     Plaintiff's Petition alleges, on its face, that Travelers breached the terms of the Bond it issued to Plaintiff.  Because the Bond was issued under 12 U.S.C. § 1828(e), a law of the United States, this Court has original jurisdiction of this matter pursuant to 28 U.S.C. § 1352. Accordingly, this case is removed to this Court under 28 U.S.C. § 1441(a).

**B.     Removal Is Also Proper Under 28 U.S.C. § 1441(a) and 28 U.S.C. § 1332(a)(1)**

15.     Removal is also proper pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1332(a)(1).   Under 28 U.S.C. § 1332(a)(1), this Court has original jurisdiction based upon diversity of citizenship among the parties because there is complete diversity between Plaintiff and Travelers.  As to Chapman, because Plaintiff's claims against Chapman and Travelers were fraudulently misjoined, the citizenship of Chapman, the only nondiverse defendant, must be ignored for purposes of determining diversity jurisdiction.  *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated in part on other grounds*, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000); *Bunnell v. Oklahoma MH Props., LP*, Case No. CIV-12-372-R, 2012 WL 12863916, at *1-2 (W.D. Okla. May 11, 2012).  Finally, the amount in controversy between the parties, exclusive of interest and costs, plainly exceeds $75,000.

**C.     Complete Diversity Jurisdiction Exists**

16.     As noted above, this case is removable on the basis of diversity of citizenship. There is complete diversity, as required by 28 U.S.C. § 1332, between Plaintiff and Travelers. Plaintiff is a citizen of Oklahoma.  Travelers, in turn, is a citizen of Connecticut.  Thus, there is complete diversity here.

---

17.     Although Plaintiff asserted claims against Chapman, courts across the country, including federal courts in Oklahoma and other courts within the Tenth Circuit, recognize that the citizenship of a nondiverse defendant is irrelevant and ignored for purposes of determining a federal court's diversity jurisdiction when claims against diverse and nondiverse defendants have been fraudulently misjoined.   *See, e.g.*, *Bunnell*, 2012 WL 12863916, at *1-2 (applying fraudulent misjoinder doctrine to deny motion to remand); *Hernandez v. Chevron U.S.A., Inc.*, 347 F. Supp. 3d 921, (D.N.M. 2018) (recognizing doctrine); *Tapscott*, 77 F.3d at 1360 (same); *In re Benjamin Moore & Co.*, 309 F.3d 296, 298 (5th Cir. 2002) (citing *Tapscott*, 77 F.3d at 1360) ("misjoinder of plaintiffs should not be allowed to defeat diversity jurisdiction").

18.     As stated by the Tenth Circuit, fraudulent misjoinder "occurs when a plaintiff sues a diverse defendant in state court and joins a non-diverse or in-state defendant even though the plaintiff has no reasonable procedural basis to join such defendants in one action." *Lafalier v. State Farm Fire & Cas. Co.*, 391 F. App'x 732, 739 (10th Cir. 2010).  Parties may be joined as defendants if the claims against them arise out of the same transaction or occurrence or share a common question of law or fact.  *See Bunnell*, 2012 WL 12863916, at *2; *see also Cline v. Blackmon Mooring of Oklahoma City, Inc.*, No. CIV–11–1136–HE, 2012 WL 255675, at *1-2 (W.D. Okla. Jan. 27, 2012) (stating grounds for when joinder is proper).

19.     Plaintiff's claims against Travelers do not arise out of the same transaction or occurrence or share a common question with Plaintiff's claims against Chapman, and are thus misjoined.  Starting with whether Plaintiff's claims against Travelers and Chapman arise out of the same transaction or occurrence, they plainly do not.  Plaintiff's claims against Chapman (breach of fiduciary duty and fraud) are substantially different from the claims against Travelers (breach of contract and bad faith), and the two events from which Plaintiff's claims arise—the

alleged fraud and breach of fiduciary duty and the denial of benefits—occurred months part.  In fact, Chapman's tortious conduct, as alleged in Plaintiff's Petition, began as early as 2013, years before Travelers issued the Bond.  Exhibit 1, at 4, ¶ 11.e.  Therefore, the claims alleged against Chapman and those alleged against Travelers arise out of separate transactions and occurred at very separate times, often many years apart.  *See Bunnell*, 2012 WL 12863916, at *2; *see also Nsight Techs., LLC v. Fed. Ins. Co.*, No. 3:09-CV-6-WHB-LRA, 2009 U.S. Dist. LEXIS 38556, at *12-13 (S.D. Miss. Apr. 23, 2009); *Tri-Miss Servs. v. Fairley*, No. 2:12-CV-152-KS-MTP, 2012 U.S. Dist. LEXIS 163298, at *9-10 (S.D. Miss. Nov. 15, 2012).

20.      Turning to whether Plaintiff's claims against Travelers and Chapman involve common questions of fact or law, they do not.  There is no question of law or fact common to whether Chapman is liable to Plaintiff for her alleged breach of fiduciary duty and fraud and whether the Bond Travelers issued provides coverage to Plaintiff for its alleged loss.  In fact, whether Chapman engaged in any wrongdoing, such as breach of fiduciary duty or fraud, which resulted in Plaintiff's alleged loss, has nothing to do with whether Plaintiff meets the requirements for coverage under the Bond. Rather, Plaintiff's claims against Chapman involve only facts relating to her alleged breach of fiduciary duty and fraud.  Conversely, the claims against Travelers concern coverage and alleged bad faith.

21.      Similarly, Plaintiff's claims against Chapman are based upon the torts of breach of fiduciary duty and fraud, while the claims against Travelers sound in contract and allege a bad-faith withholding of insurance benefits. Whether the Bond provides coverage is a question of contract interpretation that does not hinge at all on whether Chapman engaged in tortious conduct.  As such, the claims against Chapman and Travelers present different issues of fact and law because the claims against Travelers are grounded in contract law, and the claims against

Chapman are based on tort theories. Therefore, the claims asserted against Chapman and the claims asserted against Travelers do not share a common question of law or fact.

22.     This conclusion is consistent with the many courts that have considered this issue. Indeed, such courts have held that claims against insurance companies are misjoined to claims against the underlying tortfeasor.  *See, e.g., Citizens State Bank v. Michael Scott Leslie, Montage Mortg., LLC, Snowberry Settlements, LLC, Mortg. Capital Mgmt., LLC, Travelers Bond & Specialty Ins., Travelers Cas. & Sur. Co. of Am., & The Travelers Indem. Co.*, Case No.  6:18-CV-00237-ADA, at *14 (W.D. Tex. Jan. 11, 2019) (applying fraudulent misjoinder doctrine to deny motion to remand); *JYC Enter. Inc. v. Allied Prop. & Cas. Ins.*, 230 F. Supp. 3d 734 (S.D. Tex. 2017) (holding that an insurance claim over business income losses resulting from a fire did not involve the same questions of law or fact as a claim against a party whose negligence allegedly caused the fire); *HC4, Inc. Emp. Stock Ownership Plan v. HC4, Inc.*, No. CIV A. H-15-0872, 2016 U.S. Dist. LEXIS 3361 (S.D. Tex. Jan. 11, 2016) (holding tort claims in the underlying lawsuit were separate and distinct from the claims for insurance under the insurance policy); *Morris v. Cary's Lake Homeowners Ass'n*, No. 3:16-cv-00880-JMC, 2016 U.S. Dist. LEXIS 81038, at *9-15 (D.S.C. June 22, 2016) (finding claims against entities that negligently caused a flood fraudulently misjoined to claims of bad faith and breach of contract against an insurance company for coverage of the property damage); *Ortiz v. A.N.P., Inc.*, No. 10-cv-917, 2010 U.S. Dist. LEXIS 96495, at *15-16 (S.D. Tex. Sept. 14, 2010) (applying fraudulent misjoinder where no questions of law were common to a negligence claim and a claim for indemnification of the damages arising out of that negligence against an insurance company); *Nsight Techs., LLC*, 2009 U.S. Dist. LEXIS 38556, at *5 (concluding a claim for conversion against a wrongdoer and a claim for breach of contract against an insurer for coverage of the

conversion loss arose out of separate allegations of wrongdoing occurring at separate times and were therefore misjoined); *Deforneaux v. Metro Prop. & Cas. Ins. Co.*, No. 06-3809, 2006 U.S. Dist. LEXIS 61550, at *4-5 (E.D. La. Aug. 30, 2006) (severing negligence claims for damage caused by Hurricane Katrina from insurance claims because the latter were "grounded in contract law," whereas the latter were "based on negligence and tort theories"); *Madison Materials Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-CV-14 WS, 2004 U.S. Dist. LEXIS 31111, at *13 (S.D. Miss. Sept. 14, 2004) (finding claims unrelated because claims against the nondiverse employee were based upon torts of embezzlement and conversion, while claims against the fidelity bond insurer, the diverse defendant, sounded in breach of an insurance contract and a bad faith withholding of insurance benefits); *Smith v. Nationwide Mut. Ins. Co.*, 268 F. Supp. 2d 777, 781 (S.D. Miss. 2003) (holding the plaintiff has "combined unrelated lawsuits resulting in a fraudulent misjoinder" by joining claims "based on negligence relating to the accident in question" with claims against an insurer that sounded "in contract, [for] failure to pay benefit claims").

23.     Because Plaintiff's claims against Chapman and the claims against Travelers arise out of different transactions and do not share a common question of law or fact, Plaintiff improperly joined its claims against Travelers to the suit against Chapman. There is a misjoinder of the parties and Chapman's citizenship should be disregarded for purposes of this removal.

## V.
## THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED

24.     Here, it is apparent from Plaintiff's Petition that the amount-in-controversy requirement is satisfied. *See Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1320 (11th Cir. 2001) (noting that it may be "facially apparent" from state-court pleading that the amount-in-controversy requirement is satisfied); *Allen v. R & H Oil & Gas  Co.*, 63 F.3d 1326, 1335 (5th

Cir. 1995) (stating that "court can determine that removal was proper if it is facially apparent that the claims are likely above $50,000").

25.     Plaintiff's Petition expressly provides that Travelers' breach of contract damaged it "in an amount to be proven at trial, but in no event less than $75,000." Exhibit 1, at 9, ¶ 40. Similarly, in Paragraph 48 of the Petition, Plaintiff alleges that Travelers' bad faith caused it damages in an amount to be proven at trial, but in no event less than $75,000." *Id.*, at 10, ¶ 48.

26.     Additionally, the Petition provides that Plaintiff submitted a Proof of Loss to Travelers that "establishes a net Bank loss exceeding $2,800,000 . . . ." *Id.*, at 5, ¶ 18. Plaintiff's Petition further provides that the Bond Travelers issued to Plaintiff potentially covers "up to $2,500,000 in Bank losses." *Id.*, at 2, ¶ 8.

27.     The Petition further seeks punitive damages and attorneys' fees, which may be considered for purposes of establishing the amount in controversy. *See Woodmen of World Life Ins. Society v. Manganaro*, 342 F.3d 1213, 1217-18 (10th Cir. 2013) (recognizing that punitive damages and attorneys' fees may all be considered for purposes of determining the amount in controversy for jurisdictional purposes); Exhibit 1, at 9, ¶ 40.

28.     In light of these allegations in the Petition, Plaintiff plainly alleges damages well in excess of $75,000, exclusive of interest and costs, satisfying the amount in controversy element of diversity jurisdiction. 28 U.S.C. § 1332(a).

## VI.
## VENUE

29.     Venue is proper in this judicial district under 28 U.S.C. § 1441(a), because this district court embraces Muskogee County, Oklahoma, the place where the state-court action is pending.

## VII.
## <u>REMOVAL REQUIREMENTS</u>

30.     Removal is timely under 28 U.S.C. § 1446(b).  This Notice of Removal is filed within thirty days of Travelers' first receipt of a copy of the pleading from which it could first be ascertained that the case had become removable, namely, Plaintiff's Petition.  *See* **Exhibit 1**.  This Notice of Removal is also filed within one year of the filing of Plaintiff's action against Travelers on April 15, 2019.

31.     Chapman's consent to this removal is not required as she is not properly joined in this action.  *See McCurtain County Production Corp. v. Cowett*, 482 F. Supp. 809, 813 (E.D. Okla. 1978) ("An improperly joined party is not required to join in the removal petition."); *White v. Mylan, Inc.*, No. CIV–12–402–D, 2012 WL 6726593, at *4 (W.D. Okla. Dec. 27, 2012) ("The consent of improperly joined or unserved defendants was not required.").

32.     Copies of all process, pleadings, and orders served upon Travelers in the underlying state court action by Plaintiff are included with **Exhibit 1**.

33.     The state court action is Case No. CJ-19-137, filed in the District Court of Muskogee County, Oklahoma.  A copy of this Notice of Removal will be promptly filed with the clerk of the state court from which the action was removed and will also be served on Plaintiff by serving its counsel of record.

Respectfully submitted,


s/ Gary C. Crapster
Gary C. Crapster, OBA #22452
STEIDLEY & NEAL, P.L.L.C.
CityPlex Towers, 53rd Floor
2448 East 81st Street
Tulsa, OK 74137
(918) 664-4612 telephone
(918) 664-4133 facsimile
gcc@steidley-neal.com

-and-

MICHAEL KEELEY
State Bar No. 1157800
michael.keeley@clarkhillstrasburger.com
*Motion for Admission Pro Hac Vice Pending*
J. WIL EIDSON
State Bar No. 24059713
will.eidson@clarkhillstrasburger.com
*Motion for Admission Pro Hac Vice Pending*
CLARKHILL STRASBURGER
901 Main Street, Suite 6000
Dallas, Texas 75202
Telephone:  (214) 651-4718
Telecopier:  (214) 659-4121


**ATTORNEYS FOR TRAVELERS
CASUALTY AND SURETY COMPANY
OF AMERICA**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been served to all counsel listed below on this the 7th day of May 2019, *via* electronic email.

Frederic Dorwart
fdorwart@fdlaw.com
Paul DeMuro
pdemuro@fdlaw.com
Jared M. Burden
jburden@fdlaw.com
FREDERIC DORWART LAWYERS PLLC
Old City Hall
124 East Fourth Street
Tulsa, Oklahoma 74103

Joel L. Wohlgemuth
Norman Wohlgemuth Chandler & Jeter
2900 Mid-Continent Tower
401 South Boston Ave.
Tulsa, OK 74103-4023

s/ Gary C. Crapster
Gary C. Crapster