

# OKLAHOMA
## State Courts Network

The information on this page is NOT an official record. Do not rely on the correctness or completeness of this information. Verify all information with the official record keeper. The information contained in this report is provided in compliance with the Oklahoma Open Records Act, 51 O.S. 24A.1. Use of this information is governed by this act, as well as other applicable state and federal laws.

## IN THE DISTRICT COURT IN AND FOR MUSKOGEE COUNTY, OKLAHOMA

**FORT GIBSON STATE BANK V. TRAVELERS CASUALTY AND SURETY**

No. CJ-2019-00137
(Civil relief more than $10,000: BREACH OF CONTRACT ($10,001 OR MORE))

Filed: 04/15/2019

Judge: PAYTON, JEFF

## PARTIES

TRAVELERS CASUALTY AND SURETY, Defendant
FORT GIBSON STATE BANK, Plaintiff

## ATTORNEYS

| Attorney | Represented Parties |
|---|---|
| WOHLGENUTH, JOEL<br>2900 MID-CONTINENT TOWER<br>401 S. BOSTON AVE.<br>TULSA, OK 74103-4065 | |
| DORWART, FREDERIC<br>124 E 4TH ST<br>TULSA, OK 74103 | |

## EVENTS

None

# ISSUES

1. BREACH OF CONTRACT ($10,001 OR MORE)

# DOCKET

| Date | Code | Description | Count | Party | Amount |
|---|---|---|---|---|---|
| 04-15-2019 | | FILE & ENTER PETITION<br>Document Available (#CC19041500000471) TIFF  PDF | | | $163.00 |
| | | LAW LIBRARY | | | $6.00 |
| | | DISPUTE MEDIATION | | | $7.00 |
| | | OKLAHOMA COURT INFORMATION SYSTEM FEE - EFFECTIVE 07/01/04 | | | $25.00 |
| | | LENGTHY TRIAL FUND | | | $10.00 |
| | | OK COURT APPOINTED SPECIAL ADVOCATES | | | $5.00 |
| | | 10% OF CASA TO COURT CLERK REVOLVING FUND | | | $0.50 |
| | | OK COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND | | | $1.55 |
| | | 10% OF COJC TO COURT CLERK REVOLVING FUND | | | $0.16 |
| | | STATE JUDICIAL REV. FUND INTERPRETER & TRANSLATOR SERVICES | | | $0.45 |
| | | COURTHOUSE SECURITY FEE | | | $10.00 |
| | | 10% OF CHSC TO COURT CLERK REVOLVING FUND | | | $1.00 |
| | | 15% TO DISTRICT COURT REVOLVING FUND | | | $2.48 |
| 04-15-2019 | | SUMMONS ISSUED TO ATTY FOR SERVICE BY PROCESS SERVER<br>Document Available (#CC19041500000176) TIFF  PDF | | | $10.00 |
| 04-15-2019 | | SUMMONS ISSUED TO ATTY FOR SERVICE BY PROCESS SERVER<br>Document Available (#CC19041500000180) TIFF  PDF | | | $10.00 |
| 04-15-2019 | | ENTRY OF APPEARANCE<br>Document Available (#CC19041500000482) TIFF  PDF | | | |
| 04-15-2019 | | ENTRY OF APPEARANCE<br>Document Available (#CC19041500000484) TIFF  PDF | | | |

| Date | Code | Description | Count | Party | Amount |
|---|---|---|---|---|---|
| 04-15-2019 | | ENTRY OF APPEARANCE <br> Document Available (#CC19041500000485) 📄TIFF  📄PDF | | | |
| 05-06-2019 | | SPECIAL ENTRY OF APPERANCE AND RESERVATION OF TIME <br> Document Available (#CC19050600000265) 📄TIFF  📄PDF | | | |

IN THE DISTRICT COURT OF MUSKOGEE COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| FORT GIBSON STATE BANK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. CJ-19-137 |
| TRAVELERS CASUALTY AND | ) JURY TRIAL DEMANDED |
| SURETY COMPANY OF AMERICA, a | ) |
| stock insurance company, and SUSAN | ) |
| CHAPMAN, an individual, | ) |
| | ) |
| Defendants. | ) |

## PETITION

Fort Gibson State Bank (the "Bank"), for its claims against Travelers Casualty and Surety Company of America ("Travelers") and Susan Chapman ("Chapman"), alleges and states as follows:

1. The Bank is an Oklahoma bank with its principal place of business in Muskogee County, Oklahoma.

2. Travelers is a stock insurance company with its principal place of business in Connecticut. Travelers is registered with the Oklahoma Insurance Commission to do business in Oklahoma.

3. Chapman is an individual who resides in Cherokee County, Oklahoma, and who is a citizen of the State of Oklahoma.

4. The conduct giving rise to the claims in this Petition principally occurred in Muskogee County, Oklahoma.

5. Jurisdiction and venue is appropriate in this Court.

## FACTS COMMON TO ALL CLAIMS

6. The Bank is a state chartered bank primarily serving customers in Fort Gibson, Oklahoma and the surrounding area.

7. To protect the Bank and its customers' deposits, the Bank's holding company, Three Rivers Bancshares, Inc., obtained a Financial Institution Bond (the "Bond") from Travelers. The Bank is a named insured on the Bond.

8. The Bond obligates Travelers to cover up to $2,500,000 in Bank losses resulting directly from dishonest or fraudulent acts committed by Bank employees acting alone or in collusion with others.

9. The Bank employed Chapman as a loan officer from March 24, 1999 to June 25, 2018. Chapman became an Assistant Vice-President of the Bank in 2001 and a Vice-President of the Bank in 2014.

10. Throughout the course of her employment, unbeknownst to the Bank, Chapman defrauded the Bank to: (i) enrich herself and customers she preferred, (ii) cover up past fraudulent conduct by making fraudulent customer advances to accounts in order to cover up funds she had stolen from other accounts, and (iii) cause the Bank to suffer financial harm.

11. Chapman's fraudulent conduct encompassed hundreds if not thousands of different transactions at the Bank. The fraudulent transactions included:

   a. Advances on customer loans without being asked or authorized by the customers, then using the advanced funds for her own or another person's benefit

and/or to fraudulently credit the fraudulent advance to another loan in order to conceal prior fraudulent transactions. For example, on or about July 15, 2016, Chapman advanced $2,500 in cash on the loan of Bank Customer 7.[1] These funds were withdrawn from the Bank by Chapman without the knowledge or consent of the Bank or Customer 7.

    b.    Embezzling cash payments made by Bank customers for her own or another person's benefit. For example, Bank Customer 125 gave Chapman $8,000 in cash to pay down his loan. The $8,000 was never credited towards Customer 125's loan or any other Bank account. Upon information and belief, Chapman kept the money for herself.

    c.    Diverting Bank income for her own or another person's benefit and/or to pay customer loans. For example, on or about December 22, 2017, Muskogee Abstract & Title Company paid the Bank $1,394.25 for the Bank's closing fees on a loan. Chapman diverted these funds to pay down loans made to Bank Customers 41 and 79 without the knowledge or consent of the Bank in order to conceal her prior fraudulent transactions or avoid an account for which she was responsible from becoming delinquent.

    d.    Diverting sale proceeds for property that was collateral for Bank loans for her own or another person's benefit and/or to pay other customer loans. For

---

[1] Customers will be identified by number and will otherwise remain anonymous due to their right of financial privacy.

example, on or about November 17, 2017, Pioneer Abstract & Title Company of Muskogee, Inc. sent the Bank a check for $52,321.98 for the sale of property that collateralized a Bank loan made to Customer 38. Instead of using the funds to pay down Customer 38's loan, Chapman deposited the funds into Bank Customer 41's checking account without the knowledge or consent of the Bank or Customer 38 in order to conceal her prior fraudulent transactions or avoid an account for which she was responsible from becoming delinquent.

    e.    Forging signatures on cashier's checks, causing the Bank to wrongfully pay money to herself or others. For example on or about August 6, 2013, Chapman forged the signature of the President of the Bank, Matt Hendrix, on a cashier's check in the amount of $56,495.00. Chapman made the cashier's check out to a fake Bank Customer 27 and applied it to said fake Customer's loan account.

    f.    Falsifying Bank customer loan records so that the Bank would lend money to customers who did not meet the Bank's lending guidelines. For example, on or about June 19, 2018, Chapman cut and pasted the credit score of Bank Customer 120 onto the credit report of Bank Customer 54.

12.    Chapman's fraudulent conduct affected over 140 accounts at the Bank and persisted for over 15 years.

13.    Chapman used her position as Vice President and Loan Officer at the Bank to hide her fraudulent conduct, going so far as to falsify Bank and customer records (including customer social security numbers) so that certain loans would not show up on

the Bank's Past Due Loan Report and subsequently be discussed by the Bank's Loan Committee, of which she was a member. In this way, Chapman prevented the Bank from discovering her fraudulent conduct.

14. The Bank only discovered Chapman's fraudulent conduct while Chapman was away on vacation on or about June 20, 2018.

15. The Bank fired Chapman when she returned to work on June 25, 2018.

16. On June 26, 2018, the Bank contacted Travelers to disclose Chapman's fraudulent conduct and begin the claims submission process under the Bond.

17. On October 22, 2018, after conducting a forensic audit of Chapman's malfeasance, the Bank submitted its Proof of Loss to Travelers, detailing the various schemes used by Chapman to defraud the Bank and its customers and attaching over 10,000 pages of supporting documents.

18. The Bank's Proof of Loss identifies $4,718,580.47 in false or unauthorized advances from Bank customer accounts, over $800,000 in cashiers checks that were fraudulently obtained by Chapman or an accomplice, and at least $62,532.00 in diverted Bank income. In total, the Proof of Loss establishes a net Bank loss exceeding $2,800,000 as a result of Chapman's actions.

19. Approximately one month after receiving the Proof of Loss, Travelers hired a forensic accountant who visited the Bank at least three times in December and January and obtained additional records documenting Chapman's fraud. The Bank cooperated with Travelers' forensic accountant during these visits, making requested documentation and

personnel available.

20.    During Travelers' investigation, the Bank repeatedly asked for a timeline on Travelers' coverage determination. Travelers unreasonably refused to provide a coverage determination or a timeline for a determination. As a result of Traveler's refusal to timely pay the Bank's claim under the Bond, Chapman's fraud left the Bank in a perilous condition and federal and state regulators demanded that the Bank inject capital to cover its losses or face administrative dissolution.

21.    On March 11, 2019, Travelers sent the Bank an email demanding more information related to the Bank's loss. The Bank responded by letter, demanding that Travelers' conclude its coverage determination in the face of the imminent threat of regulatory action. Travelers responded by demanding additional, cumulative information not reasonably required to make a coverage determination.

22.    Even though Travelers had already investigated the Bank's claim for almost five months and had reviewed all of the relevant evidence, the Bank complied with this new request. Travelers has now received tens of thousands of pages of documents and taken the statements of five current and former Bank employees.

23.    Travelers, knowing that it owes at least $1.27 million to the Bank, refuses to pay any amount of the Bank's claim, and continues to unreasonably and repeatedly request cumulative information not necessary for Travelers to make a coverage determination in order to delay payment of that which it knows it owes and to avoid payment of the full amount it owes. At the same time, Travelers has implied that, regardless of the results of

its investigation, it intends to deny coverage of the Bank's claims for reasons that are not supported by the facts or the law.

24.     The Bank has satisfied all conditions precedent to Traveler's payment obligation. Travelers has had almost one year since the Bank disclosed Chapman's fraud and almost 180 days since the Bank provided Travelers with its Proof of Loss and supporting documentation, yet Travelers has unreasonably refused to pay the Bank's valid claim under the Bond in a timely manner and unreasonably refused to make a definitive coverage determination.

25.     As a result of Chapman's conduct and Travelers' unreasonable refusal to pay amounts it knew it was obligated to pay under the Bond, the Bank has had numerous orders entered against it by federal and state regulators. The regulatory orders, in turn, forced the Bank to: (i) take out a large loan to cover its losses and shore up its capital requirements to prevent administrative dissolution, and (ii) seek a sale of its assets at liquidation prices.

26.     Further, Chapman's conduct and Travelers' unreasonable refusal to pay has threatened the finances of local customers who rely on the Bank as well as the livelihoods of the Bank's employees.

### COUNT I: FRAUD
### (Against Chapman)

27.     The Bank restates and incorporates herein by reference the allegations contained in Paragraphs 1 through 26 above.

28.     Chapman made numerous false material misrepresentations and/or omissions to the Bank.

29. Chapman knew the misrepresentations and omissions were false, or made them recklessly without knowledge of their truth.

30. Chapman intended to induce the Bank to act on the misrepresentations and omissions.

31. The Bank justifiably relied on Chapman's misrepresentations and omissions and acted upon them to its detriment.

32. The Bank has been, and will continue to be, damaged by Chapman's misstatements and omissions in an amount to be proven at trial, but in no event less than $75,000.

## COUNT II: BREACH OF FIDUCIARY DUTY
### (Against Chapman)

33. The Bank restates and incorporates herein by reference the allegations contained in Paragraphs 1 through 32 above.

34. Chapman owed the Bank fiduciary duties.

35. Chapman breached her fiduciary duties to the Bank by intentionally, recklessly, and/or negligently engaging in the conduct alleged herein.

36. The Bank has been, and will continue to be, damaged by Chapman's breaches of fiduciary duties in an amount to be proven at trial, but in no event less than $75,000.

## COUNT III: BREACH OF CONTRACT
### (Against Travelers)

37. The Bank restates and incorporates herein by reference the allegations contained in Paragraphs 1 through 36 above.

38. The Bond is a binding contract between the Bank and Travelers.

39. Travelers' aforementioned conduct violates the express terms of the Bond.

40. The Bank has been, and will continue to be, damaged by Travelers' breach in an amount to be proven at trial, but in no event less than $75,000.

## COUNT IV: BAD FAITH
### (Against Travelers)

41. The Bank restates and incorporates herein by reference the allegations contained in Paragraphs 1 through 40 above.

42. Travelers was required to pay the Bank under the terms of the Bond.

43. Travelers failed to perform a proper investigation, evaluate the results of the investigation, and/or make a timely coverage determination of the Bank's claim.

44. Travelers' refusal to pay the claim in a timely manner was unreasonable under the circumstances.

45. Travelers has no reasonable basis to refuse to pay the Bank's claim under the Bond; and Travelers has unreasonably refused or delayed making a coverage determination.

46. Travelers did not deal fairly and in good faith with the Bank.

47. In refusing to pay the Banks's claim, and refusing to make a timely coverage

determination, as described herein, Travelers acted intentionally with malice and with reckless disregard to the Bank's rights and business interests.

48.    The Bank has been, and will continue to be, damaged by Travelers' violation of its duty of good faith and fair dealing in an amount to be proven at trial, but in no event less than $75,000.

WHEREFORE, the Bank prays for judgment in its favor and against Defendants Travelers Casualty and Surety Company of America and Susan Chapman: (i) for compensatory damages in an amount to be proven at trial, but in no event less than $75,000; (ii) for punitive damages in an amount to be proven at trial; (iii) for all appropriate penalties, interest, court costs and attorney's fees owed to it under applicable law; and (iv) for all further general and equitable relief to which the Bank may be entitled.

                        Respectfully submitted,

                        */s/ signature*

                        Frederic Dorwart, OBA # 2436
                        Paul DeMuro, OBA # 17605
                        Jared M. Burden, OBA # 30026
                        FREDERIC DORWART, LAWYERS PLLC
                        Old City Hall
                        124 East Fourth Street
                        Tulsa, Oklahoma 74103
                        (918) 583-9922 – Telephone
                        (918) 583-8251 – Facsimile
                        Email: fdorwart@fdlaw.com
                                  pdemuro@fdlaw.com
                                  jburden@fdlaw.com

IN THE DISTRICT COURT OF MUSKOGEE COUNTY
STATE OF OKLAHOMA

ORIGINAL

| | |
|---|---|
| FORT GIBSON STATE BANK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CJ-19-137 |
| | ) JURY TRIAL DEMANDED |
| TRAVELERS CASUALTY AND | ) |
| SURETY COMPANY OF AMERICA, a | ) |
| stock insurance company, and SUSAN | ) |
| CHAPMAN, an individual, | ) |
| | ) |
| Defendants. | ) |

## SUMMONS

TO:  Travelers Casualty and Surety Company of America
c/o Oklahoma Insurance Department
Attn: Legal Division
Five Corporation Plaza
3625 NW 56th, Suite 100
Oklahoma City, OK 73112

You have been sued by the above-named plaintiff, and you are directed to file a written answer to the attached petition in the court at the above address within twenty (20) days after service of this summons upon you, exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the Plaintiff. Unless you answer the petition within the time stated, judgment will be rendered against you with costs of the action.

Issued this 15th day of April, 2019.

(SEAL)

Attorney for Plaintiff:

Paul DeMuro, OBA #17605
FREDERIC DORWART, LAWYERS
124 East Fourth Street
Tulsa, Oklahoma 74103
(918) 583-9922 - telephone

Paula Sexton, Court Clerk

By: _____
Deputy Court Clerk

**YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THE SUMMONS.**

ORIGINAL

# IN THE DISTRICT COURT OF MUSKOGEE COUNTY
# STATE OF OKLAHOMA

| | |
|---|---|
| FORT GIBSON STATE BANK,<br><br>Plaintiff,<br><br>v.<br><br>TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a stock insurance company, and SUSAN CHAPMAN, an individual,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No. CJ-19-137<br>)  JURY TRIAL DEMANDED<br>)<br>)<br>)<br>)<br>)<br>) |

## SUMMONS

TO:   Susan Chapman
      2310 Summerset Pt.
      Tahlequah, OK 74464

You have been sued by the above-named plaintiff, and you are directed to file a written answer to the attached petition in the court at the above address within twenty (20) days after service of this summons upon you, exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the Plaintiff. Unless you answer the petition within the time stated, judgment will be rendered against you with costs of the action.

Issued this 15th day of April, 2019.

Attorney for Plaintiff:

Paul DeMuro, OBA #17605
FREDERIC DORWART, LAWYERS
124 East Fourth Street
Tulsa, Oklahoma 74103
(918) 583-9922 - telephone

(SEAL)

Paula Sexton, Court Clerk

By: _____
        Deputy Court Clerk

YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THE SUMMONS.

IN THE DISTRICT COURT OF MUSKOGEE COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| FORT GIBSON STATE BANK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CJ-19-137 |
| | ) JURY TRIAL DEMANDED |
| TRAVELERS CASUALTY AND | ) |
| SURETY COMPANY OF AMERICA, a | ) |
| stock insurance company, and SUSAN | ) |
| CHAPMAN, an individual, | ) |
| | ) |
| Defendants. | ) |

## ENTRY OF APPEARANCE

Paul DeMuro, of Frederic Dorwart, Lawyers PLLC, hereby enter his appearance on behalf of Plaintiff, Fort Gibson State Bank.

Respectfully submitted,

_____
Paul DeMuro, OBA # 17605
FREDERIC DORWART, LAWYERS PLLC
Old City Hall
124 East Fourth Street
Tulsa, Oklahoma 74103
(918) 583-9922 – Telephone
(918) 583-8251 – Facsimile
pdemuro@fdlaw.com

### IN THE DISTRICT COURT OF MUSKOGEE COUNTY
### STATE OF OKLAHOMA

| | |
|---|---|
| FORT GIBSON STATE BANK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. CJ-19-137 |
| TRAVELERS CASUALTY AND | ) JURY TRIAL DEMANDED |
| SURETY COMPANY OF AMERICA, a | ) |
| stock insurance company, and SUSAN | ) |
| CHAPMAN, an individual, | ) |
| | ) |
| Defendants. | ) |

### ENTRY OF APPEARANCE

Frederic Dorwart, of Frederic Dorwart, Lawyers PLLC, hereby enter his appearance on behalf of Plaintiff, Fort Gibson State Bank.

Respectfully submitted,

*/s/ Frederic Dorwart*

Frederic Dorwart, OBA # 2436
FREDERIC DORWART, LAWYERS PLLC
Old City Hall
124 East Fourth Street
Tulsa, Oklahoma 74103
(918) 583-9922 – Telephone
(918) 583-8251 – Facsimile
fdorwart@fdlaw.com

## IN THE DISTRICT COURT OF MUSKOGEE COUNTY
## STATE OF OKLAHOMA

| | |
|---|---|
| FORT GIBSON STATE BANK, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) ) Case No. CJ-19-137 |
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a stock insurance company, and SUSAN CHAPMAN, an individual, | ) JURY TRIAL DEMANDED ) ) ) ) |
| Defendants. | ) ) |

### ENTRY OF APPEARANCE

Jared M. Burden, of Frederic Dorwart, Lawyers PLLC, hereby enter his appearance on behalf of Plaintiff, Fort Gibson State Bank.

Respectfully submitted,

Jared M. Burden, OBA # 30026
FREDERIC DORWART, LAWYERS PLLC
Old City Hall
124 East Fourth Street
Tulsa, Oklahoma 74103
(918) 583-9922 – Telephone
(918) 583-8251 – Facsimile
jburden@fdlaw.com

IN THE DISTRICT COURT OF MUSKOGEE COUNTY
STATE OF OKLAHOMA

STATE OF OKLAHOMA
COUNTY OF MUSKOGEE
FILED

2019 MAY -6 PM 3:51

| | |
|---|---|
| FORT GIBSON STATE BANK ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CJ-2019-137 |
| ) | (The Honorable Jeff Patton) |
| TRAVELERS CASUALTY AND ) | |
| SURETY COMPANY OF AMERICA, a ) | |
| Stock insurance company, and SUSAN ) | |
| CHAPMAN, an individual ) | |
| Defendant. ) | |

**SPECIAL ENTRY OF APPEARANCE AND RESERVATION OF TIME**

Pursuant to 12 *Okla. Stat.* § 2012.A, Defendant, Susan Chapman, through her counsel, Joel L. Wohlgemuth, with the law firm of Norman Wohlgemuth Chandler Jeter Barnett & Ray, hereby enters his appearance and reserve an additional twenty (20) days from May 6, 2019, to and including May 27, 2019, in which to respond to the Petition.

Respectfully submitted,

/s/ Joel L. Wohlgemuth

Joel L. Wohlgemuth, OBA # 9811
NORMAN WOHLGEMUTH CHANDLER & JETER
2900 Mid-Continent Tower
401 South Boston Avenue
Tulsa, OK 74103-4023
(918) 583-7571
(918) 584-7846 (Facsimile)

**ATTORNEY FOR DEFENDANT,
SUSAN CHAPMAN**

## CERTIFICATE OF MAILING

I hereby certify that on the 6th day of May, 2019, a true and correct copy of the above and foregoing instrument was delivered via U.S. Mail, postage prepaid, addressed to:

Frederic Dorwart, Esq.
Paul DeMuro, Esq.
Jared M. Burden, Esq.
FREDERIC DORWART, LAWYERS PLLC
Old City Hall
124 East Fourth Street
Tulsa, OK 74103

_____
Joel L. Wohlgemuth

2